UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LUCY MENDOZA, | CIV. 10-4077-KES |
| Plaintiff, | |
| vs. | ORDER DENYING PARTIAL SUMMARY JUDGMENT |
| ADDAR, INC. and SHUJAH KHAN, | |
| Defendants. | |

Plaintiff, Lucy Mendoza, moves for partial summary judgment and claims that she should be awarded damages on her Fair Labor Standards Act (FLSA) claim because there is no genuine dispute in material fact that she was not paid minimum wage and overtime. Docket 38. Defendants, ADDAR, Inc. and Shujah Khan,[1] resist that motion and allege that summary judgment should be denied because there are genuine issues of material fact in dispute as to the number of hours Mendoza worked and whether her claimed work hours are compensable. Docket 42. For the following reasons, Mendoza's motion is denied.

## BACKGROUND

The pertinent facts viewed in the light most favorable to the nonmoving parties, ADDAR, Inc. and Shujah Khan, are:

ADDAR, Inc. is a South Dakota corporation that owns and operates two small hotels in South Dakota. One of those hotels is the Broadway Inn located

---

[1] Both parties used different spellings of defendant Shujah Khan's last name. The court will use the name as spelled in the original caption.

in Yankton. Yankton is also the location of ADDAR's principal place of business. Khan is the sole shareholder, officer, and director of ADDAR.

Mendoza began working at the Broadway Inn as a housekeeper in August of 2008. Docket 39 at 1. Defendants initially paid Mendoza $6.50 per hour. Docket 41 ¶ 2. While at work, Mendoza was supervised by Khan and manager Kristin Martin. Mendoza eventually began working at the Broadway Inn front desk in addition to her housekeeping duties. Khan allowed Mendoza to live on the premises of the Broadway Inn for a portion of time prior to and during the period of November 1, 2009, to January 30, 2010. While Mendoza was living on the premises of the motel, Martin was physically attacked. After the attack, Mendoza began spending time with Martin both at the motel and at Martin's home.

During Mendoza's employment, the motel used a punch clock and time cards to record employee work hours. Time stamps from the punch clock are visible on Mendoza's time cards from the period prior to November 8, 2009. Docket 45 at 1. For an ADDAR employee's hours to be paid, his or her time cards had to be reviewed and approved by one of the managers. Khan or Martin would either initial their approval of that time card or make a "paid" notation on the card that indicated the date of payment. Docket 45 at 1. Near the end of Mendoza's employment with ADDAR, her time cards from November 1, 2009, to January 30, 2010, went missing. Defendants now dispute the authenticity of the time cards as they were found.

On June 25, 2010, Mendoza filed this claim under the Fair Labor Standards Act. Docket 1. Mendoza moves for partial summary judgment solely on the issue that there is no genuine dispute in material fact that defendants failed to pay her minimum wage and overtime for the hours she worked at the motel. Docket 38.

## STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows that there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

Once the moving party has met its initial burden, the nonmoving party must establish "that a fact . . . is genuinely disputed" either "by citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). "The nonmoving party may not 'rest on mere allegations or denials, but must

3

demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

Mendoza argues that there is no genuine dispute of material fact that she was paid at a rate less than minimum wage and no dispute that she was not paid for overtime hours worked. Mendoza asserts that because there is no dispute that the FLSA applies to her and her employer, the court should grant her motion for partial summary judgment and award her back pay, overtime pay, and attorney's fees. Defendants claim that there are genuine issues of material fact that preclude summary judgment as to whether Mendoza's time cards are authentic and whether she worked all hours claimed. Defendants also argue that there is a dispute as to whether the type of hours allegedly worked are covered hours under the FLSA.

The Fair Labor Standards Act regulates the hours, wages, and working conditions of employees in the United States. 29 U.S.C. § 201 *et seq.* The FLSA was intended "to protect the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profits of others." *Specht v.*

*City of Sioux Falls*, 639 F.3d 814, 819 (8th Cir. 2011) (citations omitted). "The FLSA generally requires that all employers compensate their employees at the rate of one and one-half times their normal hourly rate for all hours worked in excess of a 40-hour week." *Id.* (citation omitted). The party seeking compensation under the FLSA bears the burden of showing that an employer-employee relationship exists and that the conduct in question amounts to employment under the act. *Id.*

### A. Minimum Wage and Overtime

"The FLSA requires employers to pay a minimum hourly wage, which is currently $7.25 per hour." *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 876 (8th Cir. 2011) (citing 29 U.S.C. § 206(a)(1)). An employer has a duty to make and preserve any records of the "wages, hours, and other conditions and practices of employment[.]" 29 U.S.C. § 211(c). Time is compensable under the FLSA when it is spent "predominately for the employer's benefit" rather than the employee's benefit. *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992) (citations omitted).

Mendoza claims that her time cards are true and unaltered versions of her personal time cards. Mendoza states that from the time period of November 1, 2009, through January 30, 2010, she worked 199.48 hours of overtime without being compensated. Docket 39 at 4. Khan stated, however, that during that same time period, Mendoza did not work more than 68 hours per month even though she lived on site at the Broadway Inn. Docket 45 at 2. And defendants

claim that near the end of Mendoza's employment, her time cards from November of 2009 to January of 2010 went missing. A genuine dispute in material fact exists as to the number of hours that Mendoza worked, whether she was entitled to overtime, and whether defendants paid the required minimum wage.

The hours paid on Mendoza's pay stubs do not match the hours worked on her time cards.[2] Mendoza's pay stubs were issued by ADDAR and came attached to her check each pay period. Mendoza's time cards, however, were filled out by Mendoza by hand. There is no dispute that the Broadway Inn used a punch clock to keep track of employee hours. There is evidence that one of the managers of the Broadway Inn would review a time card and would initial the card or write "paid" on it after it was approved. Mendoza's time cards, however, only have handwritten hours worked rather than a punch clock stamp and do not have manager initials or a "paid" notation.

Mendoza's pay stubs from this period of time reflect that she made $250 per pay period or every two weeks from November 1, 2009, through January 30, 2010. Docket 40-4. On those stubs, the record reflects that Mendoza worked 34.49 hours at a rate of $7.25 per hour. Docket 40-4 at 1-6. The last pay stub

---

[2] Mendoza's time cards from November 2009 to January 2010, which is the time period at issue in this case, are noticeably different in appearance than her time cards from the months prior to that time.

in the record indicates that Mendoza worked 26 hours from February 1, 2010, to February 8, 2010, and was paid at a rate of $7.25 per hour. Docket 40-4 at 7.

Conversely, from November 1, 2009, through November 14, 2009, Mendoza's time card indicates she worked 157.6 hours. Docket 40-2 at 5. The time card from November 15, 2009, to November 30, 2009, indicates she worked 170 hours. Docket 40-2 at 6. The time card from December 1, 2009, through December 15, 2009, indicates that she worked around 101 hours. Docket 40-2 at 7. The time card for December 16, 2009, through December 31, 2009, indicates that Mendoza worked approximately 84 hours. Docket 40-2 at 8. The time card for January 1, 2010, through January 15, 2010, states that Mendoza worked 97.60 hours. Docket 40-2 at 9. Finally, the time card for January 16, 2010, through January 31, 2010, indicates that Mendoza worked approximately 97 hours. Docket 40-2 at 10.

Both parties agree that the time cards at issue are the property of the Broadway Inn and appear to be Mendoza's time cards. During his deposition, Khan agreed that the time cards appeared to be true and unaltered, but upon further review he now claims that the time cards at issue are not original and unaltered. Defendants allege that the time cards are not accurate because they disappeared and only have one person's handwriting on them instead of the initials of a manager or the notation that the time had been "paid." Docket 45 at 1-2. Mendoza claims that because Khan admitted during his deposition that the time cards were true and authentic, there is no dispute that she worked the

hours and is owed the minimum wage and overtime compensation as a matter of law.

Not only is there conflicting testimony between Mendoza and defendants as to the hours worked, but there is also a conflict in the business records kept by ADDAR as to hours worked. The factual disagreement about hours worked cannot be determined on the record before the court. It is a genuine dispute in fact that is material to the outcome of this claim; therefore, it cannot be decided on summary judgment. *See Baker v. D.A.R.A. II, Inc.*, Civ. No. 06-2887, 2008 WL 191995, at *9 (D. Ariz. Jan. 22, 2008) (concluding that because the parties disagreed as to the number of overtime hours worked there was a material issue of fact in dispute, and the court could not decide the number of hours worked as a matter of law). Moreover, the conflict between Mendoza's and Khan's versions of events and statements is a credibility determination that must be made by the finder of fact. *See Nunn v. Noodles & Co.*, 674 F.3d 910, 914 (8th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Mendoza argues that the only issue still in dispute is the credibility of Khan. Mendoza alleges that Khan changed his story from his deposition to his affidavit submitted in support of the opposition to summary judgment. Docket 46 at 3-4. This argument does not support Mendoza's claim that there are no

genuine issues of fact in dispute, but rather that factual disputes remain to be resolved by a jury. For these reasons, and viewing the facts in the light most favorable to defendants, the court finds that there are material facts in dispute that must be resolved by a jury. Summary judgment is denied.

### B. Additional Hours in Dispute

The parties also disagree about whether Mendoza was engaging in compensable work activity for some of the hours claimed. Mendoza asserts that Khan asked her to spend time with Martin, so those hours were work hours. Defendants claim that any time spent with Martin is not compensable because the hours were voluntary and not part of Mendoza's duties. Defendants also argue that based on the current record, the court cannot determine how much of Mendoza's claimed time spent with Martin was for private or work purposes; therefore, the issue cannot be disposed of on summary judgment.

"Because the FLSA applies only when the employee is 'working' for the employer, this issue determines whether the [employee]s' on-call hours were covered by the FLSA, and therefore whether they were entitled to be paid the federal minimum wage by [employer]." *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 725 (8th Cir. 2001). When determining whether an employee is working during on-call or on-premise time, the inquiry "is whether the employee's time is spent predominately for the benefit of the employer or the employee." *Hultgren v. Cnty. of Lancaster, Neb.*, 913 F.2d 498, 504 (8th Cir.

9

1990) (citing *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944)). The Supreme Court has stated that:

> Facts may show that the employee was engaged to wait, or they way [sic] show that he waited to be engaged. His compensation may cover both waiting and task, or only performance of the task itself. Living quarters may in some situations be furnished as a facility of the task and in another as a part of its compensation. The law does not impose an arrangement upon the parties. It imposes upon the courts the task of finding what the arrangement was.

*Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944). The Supreme Court also stated that it could not "lay down a legal formula to resolve cases so varied in their facts as are the many situations in which employment involves waiting time[,]" and whether work time is covered under the FLSA "is a question of fact to be resolved by appropriate findings of the trial court." *Id.* at 136-37 (citation omitted).

An employer must compensate an employee for duties "before and after scheduled hours . . . if the employer knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity." *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975) (internal citations and quotations omitted). The Eighth Circuit Court of Appeals has stated that issues like the compensability of mealtime, commute-time, and other overtime claims are issues of material fact, not purely legal questions. *Hertz v. Woodbury Cnty., Ia.*, 566 F.3d 775, 780 (8th Cir. 2009). The court has also noted that disputes that involve the nature of an

10

employee's duties are questions of fact. *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1081 (8th Cir. 2000) (citation omitted).

Defendants assert that any extra time Mendoza spent with Martin after she was assaulted was Mendoza's own free time even if she was spending it at the motel. Docket 45 at 7. Mendoza alleges that her boss, Khan, specifically requested that she stay with Martin at the hotel so she would not be alone. Docket 39 at 7. Mendoza claims that in addition to the fact that her boss asked her to spend time with Martin, her hours are compensable because the time she spent with Martin took place in parts of the hotel where work was done, like at the front desk. Docket 45 at 7. Mendoza specifically asserts that "it is clear from the record that the time [Mendoza] spent with Ms. Martin was to assist her with the front desk activities when Mr. Khan was out of town." Docket 46 at 7. Khan stated, however, that "[h]e did not ask Plaintiff to stay at the Broadway Inn because of anything that happened to Kristin Martin, because he himself was present on the premises." Docket 45 at 2.

Thus, it is unclear and disputed what period of time Mendoza spent in a work or on-call role versus a post-shift socialization role. Summary judgment is inappropriate because the parties disagree and these facts are material to a determination of whether the contested hours are compensable as an integral or indispensable part of Mendoza's job. *See Hertz*, 566 F.3d at 780 (concluding that questions in regard to "compensability of commute-time, mealtime, and other overtime claims" were questions of material fact and were properly submitted to

11

the jury). Mendoza has not met her burden of demonstrating that there are no genuine issues of material fact in dispute that could affect the outcome of the case. *Celotex*, 477 U.S. at 320. Summary judgment is, therefore, denied. Because Mendoza was not successful on her motion for summary judgment, she cannot recover attorney's fees at this stage.

## CONCLUSION

There is a genuine dispute in material fact as to whether defendants paid Mendoza minimum wage, whether she worked overtime hours, and whether all of her work hours were compensable. These issues of fact are contested and essential to the outcome of the claim; therefore, summary judgment is not appropriate. Additionally, because these factual disputes remain, Mendoza is not entitled to liquidated damages, back pay, or attorney's fees at this time. Accordingly, it is

ORDERED that Mendoza's motion for partial summary judgment (Docket 38) is denied.

Dated May 11, 2012.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE